76 F.3d 392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harold R. JOHNSON, Individually and on behalf of all other
persons similarly situated; Bonnie W. Craig, individually
and on behalf of all other persons similarly situated;
Harold A. Hughes, individually and on behalf of all other
persons similarly situated, Plaintiffs-Appellants,
v.
ALAMOGORDO, CITY OF, a municipal corporation; Daniel R.
King; Inez Moncada; Frank Gentile; Donald
Carroll; Roger Powell; Jerry Poole;
Jim Griggs; Robert Stockwell,
Defendants-Appellees.
 No. 94-2022.
(D.C.No. CIV-93-769-HB)
 United States Court of Appeals, Tenth Circuit.
 Feb. 12, 1996.
 
 Before BRORBY, LOGAN, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After oral argument in this case, the panel concluded that this appeal was potentially controlled by issues of New Mexico law which had not yet been clearly established. Accordingly, on December 9, 1994, this Court certified the following three questions to the Supreme Court of the State of New Mexico:
 
 
 2
 1. Does N.M. Stat. Ann. 3-14-17 and/or Article X, Section 2 of the Charter of the City of Alamogordo embody an implied exception for administrative matters so that such matters need not be submitted to a public vote through the use of a referendum?
 
 
 3
 2. If New Mexico law provides for such an exception, does Ordinance 872 of the City Commission of Alamogordo, which raised the rates of a city-owned utility, constitute an administrative matter within the scope of this exception?
 
 
 4
 3. Even if questions 1 and/or 2 are answered in the negative, does the Revenue Bond Act, N.M. Stat. Ann. 3-31-6, preclude the use of a referendum to repeal a City Commission's utility rate increase intended to satisfy payment obligations on outstanding revenue bonds (i.e. Ordinance 872)?
 
 
 5
 On January 16, 1996, the Supreme Court of the State of New Mexico answered certified issues numbers 1 and 2. That Court concluded that, under New Mexico statutory law and the Alamogordo City Charter, there is an implied exception from the referendum provisions for administrative matters. The Court went on to conclude that Ordinance 872 of the Alamogordo City Commission, which raises the rates of a city-owned utility, was an administrative matter, and therefore it was exempt from the referendum provisions of New Mexico law.
 
 
 6
 These answers are dispositive of this appeal.
 
 
 7
 Accordingly, the judgment of the district court in this case is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3